1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LENG YU VANG,

11              Petitioner,              No.  CIV S-10-3166 WBS CKD P

12        vs.

13   GARY SWARTHOUT,

14
              Respondent.              FINDINGS AND RECOMMENDATIONS
15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the July 2009 decision by the Board

18   of Parole Hearings (BPH) finding him unsuitable for parole.  Pending is respondent's March 10,

19   2011 motion to dismiss the petition for failure to state a cognizable claim for federal habeas

20   relief.  Petitioner filed an opposition on March 30, 2011.

21          On January 24, 2011, the United States Supreme Court in a per curiam decision

22   found that the Ninth Circuit erred in commanding a federal review of the state's application of

23   state law in applying the "some evidence" standard in the parole eligibility habeas context.

24   Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v.

25   McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus

26   relief does not lie for errors of state law.'"  Id.   While the high court found that the Ninth

1

1  Circuit's holding that California law does create a liberty interest in parole was "a reasonable

2  application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court

3  stated:

4          When, however, a State creates a liberty interest, the Due Process
           Clause requires fair procedures for its vindication-and federal
5          courts will review the application of those constitutionally required
           procedures. In the context of parole, we have held that the
6          procedures required are minimal.

7  Swarthout v. Cooke, at 862.

8          Citing Greenholtz,[2] the Supreme Court noted it had found under another state's

9  similar parole statute that a prisoner had "received adequate process" when "allowed an

10 opportunity to be heard" and "provided a statement of the reasons why parole was denied."

11 Swarthout, at 862.  Noting their holding therein that "[t]he Constitution [] does not require

12 more," the justices in the instances before them, found the prisoners had "received at least this

13 amount of process: They were allowed to speak at their parole hearings and to contest the

14 evidence against them, were afforded access to their records in advance, and were notified as to

15 the reasons why parole was denied."  Id.

16         The Supreme Court was emphatic in asserting "[t]hat should have been the

17 beginning and the end of the federal habeas courts' inquiry...."  Swarthout, at 862.  "It will not do

18 to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...."  Id.

19

20         [1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en
   banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),
21 which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially
   overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme
22 Court, a district court is no longer bound by that authority, and need not wait until the authority is
   also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
23 banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively
   overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
24 decisions do not expressly overrule the prior circuit precedent."  Miller, 335 F.3d at 899 (quoting
   Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court
25 is not bound by Hayward.

26         [2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

"No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.

A review of the petition in this case demonstrates that it is entirely based on alleged violation of California's "some evidence" requirement.

For all the reasons stated above, this case should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's March 10, 2011 motion to dismiss (Doc. No. 15) be granted; and

2.  The petition (Doc. No. 1) be dismissed and this action closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

\\\\

\\\\

\\\\

\\\\

\\\\

1  constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

2  which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

3   Dated: August 25, 2011

4

5                                                        CAROLYN K. DELANEY
                                                         UNITED STATES MAGISTRATE JUDGE
6

7

8  2 / vang3166.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26